Edward Fimbel v. Commissioner. Paul N. Fimbel v. Commissioner.
Fimbel v. Commissioner
Docket Nos. 108644, 108645.
United States Tax Court
1943 Tax Ct. Memo LEXIS 489; 1 T.C.M. (CCH) 470; T.C.M. (RIA) 43042; January 27, 1943
*489 Respondent's action, in holding petitioners received income in the amount of the fair market value of stock paid as bonuses for services rendered, sustained. Henry A. Mulcahy, Esq., for the petitioners. Paul P. Lipton, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies for the year 1938 as follows: Edward Fimbel
$6,129.21
Paul N. Fimbel
203.09
Petitioners allege error in respondent's holding that gross income should be increased by adding thereto the difference between the par value and the fair market value of stock received by each petitioner as a bonus for services rendered. They also allege error in determining the fair market value of such stock. [The Facts] The facts are: During the calendar year 1938 the petitioners Edward Fimbel and Paul N. Fimbel were residents of the State of New Jersey. Edward Fimbel was the president and treasurer and Paul N. Fimbel was secretary of the Overhead Door Company. The Overhead Door Company is a corporation organized under the laws of the State of New Jersey and engaged in the manufacture of an overhead door used in garages and commercial buildings. Edward *490 Fimbel devoted approximately 90 per cent of his time to the business of this company. During 1938 the total authorized capital stock of the Overhead Door Company was 500 shares and its total issued and outstanding capital stock was 240 shares, 90 shares of which were owned by Carlotte Fimbel, wife of Edward Fimbel, and the balance, i.e., 150 shares, were owned by Edward Fimbel. The company held in its treasury 60 shares of its capital stock which it had acquired on October 10, 1938, at a price of $30,000 from a former officer and stockholder. On December 28, 1938, the board of directors of the Overhead Door Company at a regular meeting adopted the following resolution: Resolved that the salary of the President, Edward Fimbel, for the year 1938 shall be $20,000 and bonuses be paid to the following: Edward Fimbel, President, $5,000 and Paul Fimbel, Secretary, $1,000, the above bonuses to be paid in Treasury stock. At the time of the meeting it was contemplated that 50 shares of the treasury stock would be distributed to Edward Fimbel as a bonus. On December 30, 1938, the corporation caused its officers to issue and deliver to the petitioners Edward Fimbel and Paul N. Fimbel pursuant *491 to the resolution of December 28, 1938, 50 shares and 10 shares, respectively, of its capital stock. The stock was delivered to each petitioner as compensation for services rendered. The book entries of the Overhead Door Company reflected charges and credits to show the delivery to petitioner Edward Fimbel of 50 shares and to petitioner Paul N. Fimbel of 10 shares of its capital stock out of its treasury at a value of $100 per share, and to show that the sum of $24,000 representing the difference between par value of the 60 shares of stock for bonus purposes and its cost was charged to the surplus account. The fair market value of the stock of the Overhead Door Company, Inc., on December 30, 1938, was $500 per share. The petitioners filed their individual income tax returns for the calendar year 1938 with the Collector of Internal Revenue at Newark, New Jersey, and paid the tax shown due thereon. They included in their income for the year 1938 the amounts of $5,000 and $1,000, respectively, as being received by them as a bonus from the Overhead Door Company. The Overhead Door Company in its corporate income and excess-profits tax return for the calendar year 1938 claimed a deduction *492 in the amount of $6,000, representing bonuses paid to the petitioners during the year 1938. Upon audit of the petitioners' returns, the respondent determined that the petitioners Edward Fimbel and Paul N. Fimbel had understated their income by the sum of $20,000 and $4,000, respectively, in failing to include in their income the "fair market value" of the treasury stock received by them from the Overhead Door Company. In their brief, apparently departing from the concepts of proof indicated by the pleadings and on which the cases were presented at the hearing, petitioners rely on the single contention, i.e., that the bonuses received by them in 1938 did not constitute taxable compensation but were "gifts" exempt from tax under section 22 (b) (3) of the Revenue Act of 1938. This contention may be soon disposed. There is not a word of proof that there was an intention to make a gift or that the bonuses were paid or received as gifts. Proof shows the exact opposite. The payments of stock were compensation for services rendered. There is no basis for, or merit in, petitioners' contention. Although the above holding may be dispositive of the cases, it should perhaps be added that there *493 is no merit in the position assumed by the petitioners in the pleadings and at the hearing, namely, that respondent erred in holding that fair market value is the proper measure of income received. This holding was based on Article 22 (a) (3) of Regulations 101, a clear and reasonable interpretation of the statute. Nor was there any basis in petitioners' quarrel with the amount fixed as fair market value. The proof shows the value determined by respondent to have been fully justified by the facts. Decisions will be entered for the respondent.